**MARATHON ASHLAND PETROLEUM LLC, Plaintiff–Counter–Defendant– Appellee–Cross–Appellant,**

v.

**EQUILI COMPANY, L.P., and Equili Company II, L.P., Defendants–Counterclaimants–Appellants–Cross–Appellees.**

Nos. 05–0856–cv(XAP), 06–0625–cv(L).

United States Court of Appeals, Second Circuit.

Nov. 27, 2006.

Howard L. Kaplan, Arkin Kaplan LLP, New York, NY, for Plaintiff–Counter–Defendant–Appellee–Cross–Appellant.

John D. Kimball, Healy & Baillie, LLP, New York, NY, for Defendants–Counterclaimants–Appellants–Cross–Appellees.

Present: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After review of the district court's September 3, 2003 denial of the parties' respective summary judgment motions, we hereby AFFIRM. Further, we also AFFIRM the district court's June 11, 2004 rulings on the parties' respective motions in limine.

However, we REVERSE district court's conclusion in Paragraph 16 of its Final Judgment that it would not award damages to Equili for Marathon Ashland's breach of Article 5(iii) of the KENTUCKY Charter. Our review of the record indicates that there was sufficient evidence from which the district court could have calculated, without undue speculation, that portion of the Malta drydocking costs attributable to Marathon Ashland's breach of Article 5(iii). We therefore REMAND this portion of the district court's Final Judgment for it to calculate the drydocking costs Equili is entitled to receive as a result of Marathon Ashland's breach. We AFFIRM the Final Judgment dated January 9, 2006 in all other respects.

Finally, we have considered all of the parties' other arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the Orders of the district court dated September 3, 2003 and June 11, 2004 are hereby **AFFIRMED** and the Final Judgment of January 9, 2006 is **AFFIRMED in part, REVERSED in part, and REMANDED** for calculation of damages with respect to the Malta drydocking costs attributable to Marathon Ashland's breach of Article 5(iii) of the KENTUCKY Charter.